**Case No. 21-71170**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

CITY OF LOS ANGELES, CALIFORNIA

*Petitioner,*

v.

FEDERAL AVIATION ADMINISTRATION, et al.,
*Respondents,*

BURBANK-GLENDALE-PASADENA AIRPORT AUTHORITY,

*Real Party in Interest and Respondent.*

---

PETITION FOR REVIEW OF AGENCY ACTION (49 U.S.C. § 46110)

---

JOINT MOTION TO REDESIGNATE BURBANK-GLENDALE-PASADENA
AIRPORT AUTHORITY AS INTERVENOR AND TO AMEND BRIEFING
SCHEDULE

Petitioner City of Los Angeles ("City"), the Federal Respondents (collectively "FAA"), and Respondent Burbank-Glendale-Pasadena Airport Authority (the "Authority") (together, the "Parties") respectfully move the Court to: (1) redesignate the Authority as an intervenor, rather than a respondent; and (2) revise the existing briefing schedule as set forth below.

## I.    INTRODUCTION

The Petition challenges the FAA's action under the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq*. The FAA prepared a May 2021 Final Environmental Impact Statement ("EIS") and issued a Record of Decision ("ROD"), approving a proposed replacement passenger terminal at the Bob Hope "Hollywood Burbank" Airport (the "Project").

The City's Petition for Review identifies the Authority, the owner and operator of the Airport, as a respondent. The Parties agree that the Authority more properly should be an intervenor in this case, while the FAA remains a proper respondent in this Petition.  *See, e.g.*, Fed. R. App. P. 15(a)(2)(B) (petition for review "must ... name the agency as a respondent").  Additionally, the Parties jointly request the Court revise the existing briefing schedule.

## II.    BACKGROUND

The Authority is the owner and operator of the Airport. It is not a federal agency. The Authority proposed the Project, which involves building a replacement 14-gate passenger terminal in the northeast quadrant of the Airport.

Pursuant to the Airport and Airway Improvement Act of 1982, the Authority is eligible for certain federal funding allocated by the FAA for capital improvements, such as the Project. 49 U.S.C. §§ 47101-31. Accordingly, the Authority sought the FAA's approval of the Project.

In May 2021, the FAA released a Final EIS/ROD, granting approval for the Project. On July 12, 2021, the City brought the above-captioned Petition for Review of Agency Action (49 U.S.C. § 46110). On August 26, 2021, the City filed a First Amended Petition for Review. While the Authority is named in both the initial and amended petitions as a "respondent, real party in interest," both petitions seek review of the FAA's approval of the EIS and issuance of the ROD for the Project.

While the Authority has an undisputable substantial interest in these proceedings, it is neither a federal agency nor did it approve the EIS or ROD of which the City seeks review.

### III. THE PARTIES REQUEST THAT THE AUTHORITY BE REDESIGNATED AS AN INTERVENOR

The Ninth Circuit is a court of limited jurisdiction. *Longview Fibre Co. v. Rasmussen*, 980 F.2d 1307, 1309 (9th Cir. 1992). While the Federal Aviation Act confers jurisdiction on this Court to review final orders by the FAA, it does not grant jurisdiction over the actions of non-federal parties, such as the Authority. *See* 49 U.S.C. § 46110(a); *id*. § 46110(c) ("…the court has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order and may order the Secretary, Administrator of the Transportation Security Administration, or Administrator of the Federal Aviation Administration to conduct further proceedings."). In short, the FAA's actions in preparing and approving the EIS and issuing the ROD are properly before this Court for review. *See* Fed. R. App. P. 15(a)(2)(B).[1]

In contrast, the Authority did not prepare or approve the EIS or issue the ROD, and therefore should not be an agency respondent. But as the owner and operator of the Airport that is the subject of the Project, the Authority has a unique and direct interest in the outcome of this dispute. Accordingly, the Parties agree

---

[1] Typically motions to name intervenors are brought earlier in the process; however, in this case, where the Authority has been a party to the case since the beginning and merely wishes to be redesignated as an intervenor for procedural reasons, the Authority requests that this Court exercise its inherent authority to redesignate the Authority's status.

3

that the Authority should be redesignated as an intervenor and not as a respondent, and we request that the Court allow this change.

The Parties also agree that nothing in this motion precludes the City from filing a motion with the Court seeking to enjoin the Authority from implementing all or part of the Project should the Authority move forward with physical improvements approved by the FAA during the pendency of this litigation. Nor does anything in this motion prevent the Authority or the FAA from opposing any such request.

## IV.    REVISED BRIEFING SCHEDULE

Additionally, the Parties respectfully request that this Court revise the current briefing schedule. After the City requested a streamlined request for an extension to file its opening brief, this Court set the following amended briefing schedule: Petitioner's opening brief was due by December 8, 2021; Respondents' briefs and excerpts of record are due by January 7, 2022; and Petitioner's optional reply is due 21 days after the answering briefs. Order, Docket No. 24 (October 12, 2021). In anticipation of this Joint Motion, on November 24, 2021, the City filed a motion to extend time to file its opening brief. The Clerk granted that request on November 29, 2021, which directed that the City's opening brief is due January 25, 2022, Respondent FAA's answering brief is due February 24, 2022, and the City's optional reply is due 21 days after service of the answering brief. Order (Nov. 29,

2021). The Parties now seek to further adjust the briefing schedule as discussed below.

The FAA anticipates needing additional time to prepare its answering brief in this case because of the extensive administrative record, the number of issues, and the need to coordinate review and approval of the brief between the FAA and Department of Justice. Thus, FAA requests that its answering brief be due approximately 60 days after the City's opening brief.

Additionally, the Authority requests that its brief (as a properly-designated intervenor) be due two weeks after FAA's brief. This staggered briefing schedule will ensure that the Authority's brief does not include material that unnecessarily duplicates the FAA's brief.

Thus, the Parties respectfully request that the Court amend the briefing schedule as follows:

- Petitioner City of Los Angeles's opening brief is due by January 25, 2022 (already addressed by the November 29, 2021 order);

- Federal Respondents' answering brief is due by March 28, 2022;

- The Authority's brief is due by April 11, 2022; and,

- Petitioner's optional reply brief is due by May 11, 2022.

This request to revise the current briefing schedule meets the criterion in Circuit Rule 31-2.2(b) requiring "diligence and substantial need," and this motion meets all applicable enumerated requirements in the same Rule.

## V.    CONCLUSION

The Parties jointly and respectfully request that Court redesignate the Authority as an intervenor and amend the briefing schedule.

Respectfully submitted,

November 29, 2021          /s/ *Justin D. Heminger*
                          TODD KIM
                          *Assistant Attorney General*
                          JUSTIN D. HEMINGER
                          *Attorney*
                          Environment and Natural Resources Division
                          U.S. Department of Justice
                          Post Office Box 7415
                          Washington, D.C. 20044
                          (202) 514-5442
                          justin.heminger@usdoj.gov

                          For *Federal Respondents*

                          /s/ *Jessica J. Thomas*

                          THOMAS A. RYAN
                          JESSICA J. THOMAS
                          MCDERMOTT, WILL & EMERY, LLP
                          2049 Century Park East, Suite 3200
                          Los Angeles, CA 90067
                          tryan@mwe.com
                          jthomas@mwe.com
                          (310) 277-4110

                          GINETTA L. GIOVINCO

6

RICHARDS, WATSON & GERSHON
350 South Grand Avenue, 37th Floor
Los Angeles, CA 90071
ggiovinco@rwglaw.com

For *Burbank-Glendale-Pasadena Airport Authority*

/s/ *Andrea K. Leisy* _____
ANDREA K. LEISY
LAURA M. HARRIS
CASEY A. SHORROCK
REMY MOOSE MANLEY, LLP
555 Capitol Mall, Suite 800
Sacramento, CA 95814
Tel.: (916) 443-2745
Fax: (916) 443-9017
aleisy@rmmenvirolaw.com

MICHAEL N. FEUER
ROBERT M. MAHLOWITZ
LOS ANGELES ATTORNEY'S OFFICE
200 North Mains Street, 8th Floor
Tel.: (213) 978-7100
Fax: (213) 978-8205
mike.n.feuer@lacity.org
robert.mahlowitz@lacity.org

For Petitioner *City of Los Angeles, California*

## CERTIFICATE OF COMPLIANCE

I hereby certify:

1.     This document complies with the length limitation of Circuit Rule 27-1(1)(d) because it does not exceed 10 pages.

2.     This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

s/ *Justin D. Heminger*
JUSTIN D. HEMINGER

Counsel for Federal Respondents